**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**ROBERT BUFORD**                                                                     **PLAINTIFF**

**V.**                 **CASE NO.: 3:10CV00001-BD**

**MICHAEL J. ASTRUE, Commissioner,
Social Security Administration**                                                   **DEFENDANT**

## ORDER

Pending is Plaintiff Robert Buford's Motion for an Award of Attorney's Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (docket entry #18). In his motion, Mr. Buford requests fees of $1,818.25 and expenses of $16.62. The Commissioner does not object to the amounts requested. (#20) Accordingly, Plaintiff's motion (#18) is GRANTED, and Plaintiff is awarded $1,818.25 in fees and 16.62 in expenses.

In his motion, Mr. Buford states that he has assigned any attorney fees and costs awarded under the EAJA to his attorney. Mr. Buford asks the Court to make payment of awarded EAJA fees and costs, "in the event that [he] owes no federal debt," directly to his counsel. (#18) The Commissioner, while not objecting to the amount requested in fees and expenses, notes that Mr. Buford owes a debt to the federal government. (#20) Accordingly, making payment directly to Mr. Buford's counsel is not appropriate. See *Astrue v. Ratliff*, __ U.S. __, 130 S.Ct. 2521, 2527, 2010 WL 2346547 (2010) (the EAJA

awards fees to the litigant, which subjects the payment to a federal administrative offset if the litigant has outstanding federal debts).

In the event that Mr. Buford owes a federal debt, he requests the balance of any EAJA fees awarded after the debt is withheld be payable to him, but mailed directly to his counsel.  This request is granted.  After withholding the amount of debt, any balance of EAJA fees should be made payable to Mr. Buford, but mailed to his counsel.

IT IS SO ORDERED this 12th day of May, 2011.

_____
UNITED STATES MAGISTRATE JUDGE